UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
:
HUGH A. BROWN, :
:
                          Plaintiff, :
:         15-CV-8201 (VSB) (BCM)
         -v- :
:         ORDER
NANCY A. BERRYHILL, Acting :
Commissioner of Social Security, :
:
                         Defendant. :
:
---------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/8/2017

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Pro se Plaintiff Hugh A. Brown brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final determination of the Commissioner of Social Security denying his request for a waiver of recovery of disability insurance benefits paid to himself, and auxiliary benefits paid to his minor son, during a three-year period from 1993 to 1996. Before me is the detailed and thorough March 3, 2017 Report and Recommendation of Magistrate Judge Barbara Moses, which recommends that the Commissioner's motion for judgment on the pleadings be granted. (Doc. 14 ("Report" or "R&R").)

       A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those section are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). "If a party timely objects to any

portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Id.* (quoting *Morris v. Local 804, Int'l Bhd. Of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)). "The objection must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "Otherwise, the court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.*

Brown filed a two-page letter objection to the Report reasserting his position that he did not receive benefit checks between October 1993 and November 1996. (Doc. 17.) Brown attached a copy of a letter he purportedly sent to the Social Security Administration on or about March 31, 2017. (*Id.*)

As explained by Magistrate Judge Moses, the question of whether Brown actually received the overpayments in question was considered and adjudicated by a prior administrative proceeding in 2006. Brown did not appeal that decision. When Brown reapplied for benefits in 2012, the SSA refused to revisit the issue of whether Brown actually received the overpayments in question, and relied on the 2006 determination. Magistrate Judge Moses concluded that this was not in error. I agree. For the reasons stated in the Report, I concur that the 2012 ALJ properly declined to revisit the 2006 determination that Brown and his son received

overpayments totaling $53,329.30 under the doctrine of administrative res judicata.

I have reviewed the remainder of Magistrate Judge Moses's thorough Report for clear error and find none. Therefore, I ADOPT the Report in its entirety. The Commissioner's motion for judgment on the pleadings, (Doc. 11), is GRANTED. The Clerk's Office is respectfully directed to mail a copy of this order to the pro se Plaintiff, enter judgment, and close the case.

SO ORDERED.

Dated: June 8, 2017
      New York, New York

_____
Vernon S. Broderick
United States District Judge